IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

RYAN P. MALONEY,

Petitioner,

vs.

LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents.

Cause No. CV 14-56-BU-DWM-JCL

ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

This case comes before the Court on Petitioner Ryan Maloney's application for writ of habeas corpus. Maloney is a state prisoner proceeding pro se.

After reviewing the motion and supporting account statement, I find that Maloney has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

The petition, however, should be dismissed. Maloney was sentenced on July 17, 2014. Pet. (Doc. 5) at 2 ¶ 2. A state prisoner must first exhaust in the state courts, in the manner prescribed by state law, all the claims he intends to make in federal court. *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *see also* Pet. Instruction No. 5. None of Maloney's claims has been properly exhausted.

A certificate of appealability should be denied. Regardless of whether

1

Maloney meets the standard of 28 U.S.C. § 2253(c)(2), there is no doubt whatever that he must exhaust his claims in state court before he may file in federal court. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

## ORDER

Maloney's motion to proceed in forma pauperis (Doc. 4) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (Docs. 1, 5) should be DISMISSED for lack of exhaustion.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Maloney may object to this Findings and Recommendation within 14 days.[1]

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Maloney must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 24th day of September, 2014.

Jeremiah C. Lynch
United States Magistrate Judge

3